UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                                      CRIMINAL NO. 4:22-CR-00026-RGJ

COLLIN MARSHALL NEWTON                                                DEFENDANT

## SENTENCING MEMORANDUM
*-Filed Electronically-*

The United States of America, by counsel, files this memorandum in support of sentencing in this action currently scheduled for August 8, 2024. The United States has no objections to the final presentence report and will not call any witnesses at the sentencing hearing.

## PROCEDURAL HISTORY

Collin Marshall Newton ("Newton") was indicted by a federal Grand Jury on October 4, 2022, and formally charged with:

Count 1 – Sex Trafficking of Children

Counts 2 and 7 – Online Enticement of a Minor

Counts 3, 5, and 8 – Sexual Exploitation of Children

Count 4 – Attempted Online Enticement of a Minor

Count 6 – Distribution of Child Pornography

The events related to that Indictment stem from conduct that occurred on or about and between September of 2020 and August of 2022. The defendant was arrested on a

Federal Complaint on September 6, 2022, where he was ordered detained and so remains, pending sentencing.

On September 28, 2023, the defendant pled guilty to all Counts of the Indictment without the benefit of an agreement.

## OFFENSE CONDUCT

The United States agrees with the offense conduct, as laid out in the U.S. Probation Office's final Presentence Investigation Report (PSR), at paragraphs 11-26. *See* PSR [DN 61, ¶11-26].

## GUIDELINES CALCULATION

The United States agrees with the guidelines calculation and criminal history computation contained within the PSR. Accordingly, the United States agrees with a base offense level of 43 and a criminal history category of I which produces a guideline imprisonment range of life imprisonment. *See* PSR [DN 61, ¶103].

## SENTENCING FACTORS

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed:

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

      (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the kinds of sentence and the sentencing range established for--

      (A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

. . .

(5)    any pertinent policy statement--

. . .

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense.

### A. Nature and circumstances of the offense and the history and characteristics of the defendant.

The nature and circumstances of Newton's offense were serious sexual offenses perpetrated against some of the most vulnerable members of our society, children. Newton, who has a sexual interest in children, sought out 11 and 12 year olds to engage in sexual conduct. Newton sought out children on his Xbox gaming platform and coaxed them into sending him nude images in exchange for money or game tokens, conduct that unfortunately culminated in meeting them to engage in illegal sexual acts.

As demonstrated by both is admissions and his pattern of similar behavior, Newton knew what he was doing when he took steps to seek out children and engage in sexual relationships with them. None of his actions were impulse or mistake. They were calculated and designed to get what he wanted. Newton did not stop with one child. He

used each of the victims in the instant case to introduce him to the next, where he continued his methods of offering game tokens and money in exchange for nude images or sexual favors. Newton's conduct was also not limited to this instance or geographic location. Newton told agents that he had been in contact with other minors, admitting that one was a 12-year-old that he had met and engaged in sexual acts with.

Newton victimized numerous children, some of which have not been identified. The nature and circumstances of his offenses are serious and necessitate an equally serious sentence. While the guideline calls for a term of life imprisonment, the JSIN concludes that the median range of imprisonment for offenders with the same base offense level and criminal history category, was 360 months. In cases like this, the JSIN data is skewed. For the defendants in the cell that received a sentence of life, their sentence was capped at 470 months for reporting purposes. Arguably, the JSIN data is skewed and underestimates the actual median sentences of the worst offenders.

**B. The need for the sentence imposed to reflect the seriousness of the offense.**

A guideline sentence followed by a lifetime term of supervised release will reflect the seriousness of Newton's criminal conduct. Such a sentence will also promote respect for the law and give clear notice to Newton and the public that using gaming systems to meet, bribe, and entice children into engaging in sexual conduct will be punished appropriately. The Internet and online gaming are becoming increasingly dangerous for children because people like Newton use the platforms to seek them out and to put themselves in places where children are. Children are among the most vulnerable to online predators and must be protected.

### C. The kinds of sentences available

In considering the kinds of sentences available, Newton must receive a sentence of at least 15 years and up to any number of years, including life. It is important to note here that Newton, among his other serious charges, was convicted of three Counts of Sexually Exploiting a Child – producing child pornography. The charges encompass Newton's request for sexually explicit images from all three identified victims in this case. Each of those counts, standing alone, would require a 15-year mandatory minimum sentence. The harm is no less to each child because all Counts were all charged in a single Indictment. While the mandatory minimum may be 15 years, it is the position of the United States that a sentence three times that, one for each victim, should be the floor in this matter. As such, a sentence of 45 years (540 months) should be the minimum possible sentence, with the actual sentence imposed being much higher.

Newton cannot seem to quell his sexual predisposition to children. When fashioning a sentence, this Court should consider that sex offenders have a high rate of recidivism. *See McKune v. Lile*, 536 U.S. 24, 33, 122 S.Ct. 2017, 153 L.Ed.2d 47 (2002) (noting that "[w]hen convicted sex offenders reenter society, they are much more likely than any other type of offender to be rearrested for a new rape or sexual assault"); *United States v. Allison*, 447 F.3d 402, 405-06 (5th Cir. 2006) ("Congress explicitly recognized the high rate of recidivism in convicted sex offenders, especially child sex offenders."). The threat that Newton continues to pose to the most vulnerable members of society is hardly measurable.

### D. Pertinent Policy Statements

First, the United States recommends that, no matter the sentence, Newton be required to serve a lifetime term of supervised release, should he be released from prison.

Pursuant to USSG § 5D1.2(b)(2) and the policy statement therein, if "the instant offense of conviction is a sex offense…the statutory maximum term of supervised release is recommended."

Turning to USSG § 5H1.3, Newton's mental and emotional conditions may be relevant in fashioning the sentence, "[i]f such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines."

There is no evidence in this case to suggest that Newton suffers from mental or emotional disorders that are present to an unusual degree. As defense counsel states, Newton has been diagnosed with an Autism Spectrum Disorder (ASD). The United States disagrees, based on the materials reviewed, that the "[D]efendant has enormous mental/psychological challenges[.]" *See* Defense Objections to PSR [DN 60]. Newton presents as someone who is high-functioning and someone who, despite some difficulty in social settings, is able to care for himself, participate in society, communicate, and think rationally. The United States will address these points in more detail during the sentencing hearing in this matter. In sum, Newton's conditions are not present to an unusual degree and should not form the basis for a departure.

## CONCLUSION

The United States respectfully requests that the court sentence the defendant to a sentence between 540 months to life in prison, followed by a lifetime term of supervised release. Such a sentence would accomplish the sentencing purposes of 3553(a). Should the Court also agree, the United States respectfully requests that the Court impose such a sentence, which is sufficient, but not more than necessary to satisfy the above factors.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

*/s/ Leigh Ann Dycus*
Leigh Ann Dycus
Assistant U.S. Attorney
501 Broadway, Suite B29
Paducah, Kentucky 42001
270-816-3354
leigh.ann.dycus@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 31, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Counsel of Record.

*/s/ Leigh Ann Dycus*
Leigh Ann Dycus
Assistant U.S. Attorney